**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**CASE NO. 6:26-cv-02022**

**FABIANE PINTO LOPES,**

*Plaintiff,*

v.

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES,**

*Defendant.*

_______________________________________/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff, Fabiane Pinto Lopes ("Plaintiff"), by and through undersigned counsel, files this Complaint for Declaratory and Injunctive Relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and alleges as follows:

## INTRODUCTION

1. This action seeks records concerning Plaintiff's immigration application that U.S. Citizenship and Immigration Services ("USCIS") has been unable or unwilling to locate in response to Plaintiff's FOIA request, despite USCIS's own systems identifying Plaintiff's application by receipt number and reflecting agency action on it.

2. Plaintiff specifically identified Receipt Number LIN2533052464 in

her FOIA request and requested records concerning that application. USCIS nevertheless responded that it had completed its search and located no responsive records.

3. Plaintiff does not ask this Court to adjudicate her immigration application or dictate the substance of any immigration decision. Plaintiff seeks only an order requiring USCIS to conduct an adequate search and produce all responsive, non-exempt records.

## PARTIES

4. Plaintiff is a citizen of Brazil residing in Kissimmee, Florida.

5. Defendant U.S. Citizenship and Immigration Services is a federal agency within the U.S. Department of Homeland Security and is the agency that received and processed Plaintiff's FOIA request.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including FOIA, 5 U.S.C. § 552.

7. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B), which authorizes a district court to enjoin an agency from withholding agency records and to order the production of agency records improperly withheld.

8. This Court is authorized to grant declaratory relief under 28 U.S.C. §§ 2201–2202.

9. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in Kissimmee, Florida, within the Middle District of Florida.

10. This action is properly filed in the Orlando Division because Plaintiff resides in Osceola County. M.D. Fla. L.R. 1.04.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

11. On March 30, 2025, Plaintiff entered the United States in B-2 visitor status with her husband, Andre Luiz Lopes, and their daughter. They were authorized to remain until September 29, 2025. Ex. A.

12. On July 26, 2025, Plaintiff's husband was accepted into the Intensive English Program at Antares Language Center. Ex. B.

13. On August 19, 2025, Antares Language Center issued Forms I-20 for Plaintiff's husband in F-1 student status and for Plaintiff and their daughter in F-2 dependent status. Ex. C.

14. On September 22, 2025, Plaintiff's husband submitted Form I-539 to change his status from B-2 to F-1, together with Forms I-539A for Plaintiff and their daughter seeking F-2 dependent status. Ex. D.

15. The family did not initially receive a receipt notice for their applications. On November 5, 2025, Plaintiff's husband contacted USCIS Lockbox

Support seeking confirmation that the filing had been received and requesting his receipt number. Ex. D.

16. On December 11, 2025, USCIS Lockbox Support confirmed that Plaintiff's husband's filing had been accepted and provided his receipt number, LIN2590197250. Ex. F.

17. On February 9, 2026, USCIS apparently approved Plaintiff's husband's Form I-539. He did not receive the approval notice at that time, and only discovered this information when he checked on the case at a later date. Ex. H.

18. On February 25, 2026, USCIS's online case status for Plaintiff's husband reflected that the approval notice had been returned to USCIS as undeliverable. Ex. J.

19. Plaintiff and her husband continued attempting to obtain information about the family's applications. On February 26, 2026, Plaintiff's husband submitted change-of-address requests and contacted the USCIS Contact Center regarding the missing approval notice. Exs. K, L.

20. On April 5, 2026, Plaintiff's husband submitted a FOIA request to USCIS, seeking a copy of the missing notices for his and his family's applications. USCIS released only his approval notice. Exs. N, O.

21. On April 22, 2026, Plaintiff's husband contacted the USCIS FOIA/PA Unit seeking a copy of Plaintiff's notice. USCIS responded that his FOIA request

had been limited to his own receipt number and instructed him to submit a new FOIA request for additional records. Exs. P, R.

22. On June 3, 2026, Plaintiff's husband again contacted USCIS seeking Plaintiff's receipt notice and receipt number. On July 23, 2026, after receiving no response, he contacted USCIS again seeking information concerning Plaintiff's and their daughter's applications. Ex. S.

23. In approximately July or August 2026, Plaintiff and her husband contacted USCIS by phone and were informed by the USCIS agent that USCIS had assigned her Receipt Number LIN2533052464. They were also told by that same agent that her application had been denied in February 2026.

24. Plaintiff had not previously received a receipt notice or denial notice, or any communications from USCIS concerning her application.

25. Later that day, Plaintiff and her husband reached out to USCIS via live chat to obtain more information. During that chat, a USCIS representative instructed them to submit a FOIA request to obtain a copy of Plaintiff's denial notice. Ex. T.

26. USCIS's online records identify Plaintiff by name and date of birth and associate her with Receipt Number LIN2533052464. Ex. U. USCIS's Case Status Online system also states that the application associated with that receipt number was received on September 23, 2025. Ex. E.

27. On August 10, 2026, Plaintiff submitted a FOIA request identifying Receipt Number LIN2533052464 and requesting records concerning her application, including the petition, receipt notice, any request for evidence or notice of intent to deny, and the denial notice. Ex. V.

28. On August 18, 2026, USCIS issued its final response stating that it had completed its search and that "no records responsive to your request were located." Ex. W.

29. On September 3, 2026, Plaintiff timely filed an administrative appeal of USCIS's August 18, 2026 FOIA determination. That appeal remains pending.

## CLAIM FOR RELIEF

### COUNT ONE
### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### 5 U.S.C. § 552

30. Plaintiff incorporates paragraphs 1 through 29.

31. FOIA requires a federal agency, upon receiving a request that reasonably describes records held by the agency, to make those records promptly available unless they are exempt from disclosure. 5 U.S.C. § 552(a)(3)(A); *Jimenez v. Dep't of Homeland Sec.*, 119 F.4th 892, 899 (11th Cir. 2024).

32. USCIS bears the burden of demonstrating that it conducted an adequate search for responsive records. *Jimenez*, 119 F.4th at 899.

33. To satisfy that burden, an agency must show that it "conducted a search

reasonably calculated to uncover all relevant documents." *Broward Bulldog, Inc. v. U.S. Dep't of Just.*, 939 F.3d 1164, 1176 (11th Cir. 2019).

34. Although USCIS is not required to search every record system, when it does not search other systems or locations where responsive records may exist, it must at least explain why those sources were unlikely to contain responsive records—particularly where the requester has provided evidence giving reason to believe that responsive records exist there. *Ghinis v. U.S. Citizenship & Immigr. Servs.*, No. 5:21-cv-00554-JA-PRL, slip op. at 9–10 (M.D. Fla. Mar. 22, 2023).

35. Plaintiff and her husband first sought records concerning Plaintiff through her husband's FOIA request because Plaintiff had been included as a dependent in his Form I-539 filing. Exs. N, O.

36. When that request produced only Plaintiff's husband's approval notice, he specifically asked USCIS how to obtain Plaintiff's records. USCIS informed him that his request had been limited to his own receipt number and that a new FOIA request would be required for USCIS to search for Plaintiff's records. Exs. P, R.

37. Plaintiff thereafter submitted a separate FOIA request in her own name. The request reasonably described the records sought and specifically identified Plaintiff and Receipt Number LIN2533052464. Ex. V.

38. USCIS initially supplied Plaintiff with the information her FOIA request was based on, providing her receipt number to her when she called the

agency and informing her of the alleged denial, then confirming the information during a live chat. Ex. T. USCIS's own records associate the receipt number with her name and reflect agency activity. Exs. E, I, U. Moreover, USCIS explicitly instructed her to file a FOIA request to obtain a copy of the alleged denial notice. Ex. T.

39. Thus, the information establishing the existence of responsive records was supplied by USCIS itself, providing substantial reason to believe that responsive records existed.

40. Despite Plaintiff following USCIS's express instruction to submit a separate FOIA request in her own name, USCIS responded that no responsive records were located. Ex. W.

41. USCIS did not identify any FOIA exemption as a basis for withholding responsive records or indicate any locations it declined to search.

42. USCIS has failed to conduct an adequate search reasonably calculated to locate the records described in Plaintiff's request and has failed to produce responsive, non-exempt agency records.

43. Plaintiff is therefore entitled to relief under 5 U.S.C. § 552(a)(4)(B).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Assume jurisdiction over this action;

b. Declare that USCIS has failed to comply with FOIA by failing to conduct an adequate search for records responsive to Plaintiff's request;

c. Order USCIS to conduct a search reasonably calculated to locate all records responsive to Plaintiff's FOIA request, including records associated with Receipt Number LIN2533052464;

d. Order USCIS to produce all responsive, non-exempt records and all reasonably segregable portions of responsive records within a period set by the Court;

e. Enjoin USCIS from continuing to improperly withhold responsive agency records;

f. Award Plaintiff reasonable attorneys' fees and litigation costs under 5 U.S.C. § 552(a)(4)(E); and

g. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 10, 2026

*/s/ Samantha Topper Berns*
Samantha Topper Berns, Esq.
Florida Bar No.: 1039971
Biagini Law Group LLC
1999 N. University Dr., Ste. 214
Coral Springs, FL 33071
Tel: 857-206-9801
samantha@biaginilaw.com
*Counsel for the Plaintiff*

**TABLE OF EXHIBITS**

| **EX.** | **EXHIBIT NAME** |
| --- | --- |
| **A** | CBP Form I-94 Records |
| **B** | Antares Language Center Acceptance Letter |
| **C** | Forms I-20 |
| **D** | André's Correspondence with USCIS Lockbox Support (November 2025) |
| **E** | USCIS Case Status Online for Fabiane |
| **F** | USCIS Lockbox Support Response |
| **G** | USCIS Change of Address Confirmation (November 2025) |
| **H** | USCIS Case Status Online Showing Approval |
| **I** | USCIS Case History and Certified English Translation |
| **J** | USCIS Notice Returned as Undeliverable for André |
| **K** | USCIS Change of Address Submissions (February 2026) |
| **L** | USCIS Service Request Response |
| **M** | USCIS Notice Returned as Undeliverable for Layza |
| **N** | USCIS FOIA Acknowledgment |
| **O** | USCIS FOIA Completion Notice and Release |
| **P** | André's FOIA Clarification Request |
| **Q** | Form I-797A Notice of Action for André |
| **R** | USCIS FOIA Public Liaison Response |
| **S** | André's Correspondence with USCIS Lockbox Support (June and July 2026) |
| **T** | USCIS Live Chat Transcript |

| | |
|---|---|
| **U** | USCIS Online Account Records |
| **V** | Fabiane's FOIA Request and Submission Confirmation |
| **W** | USCIS FOIA Final Response |